# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| GENE KOHUT, | } |
| Plaintiff, | } } } |
| v. | } } } |
| CHRISTIAN FALK et al., | } Case No.: 7:24-cv-00773-RDP } } |
| Defendants. | } } } } } |

## MEMORANDUM OPINION & ORDER

This matter is before the court on Defendant Purico Group Limited's ("PGL") Motion to Stay Discovery. (Doc. # 32). The motion has been fully briefed (Docs. # 32, 34) and is ripe for review. For the reasons explained below, the motion (Doc. # 32) is due to be granted and this order applies to all parties.

**I.     Background**

This case arises out of a web of business relationships among the parties related to the opening and operation of a plant that manufactured plated plastic car parts in Tuscaloosa County, Alabama for German auto manufacturers. (Doc. # 1 ¶ 17). Plaintiff Gene Kohut ("Plaintiff") brought this action against Defendants Christian Falk ("Falk"), Norbert Glawion ("Glawion"), Anil Puri ("Puri"), White Capstan, Ltd. ("Capstan"), and PGL on June 12, 2024. (Doc. # 1). In the action, Plaintiff asserts claims of fraud, negligent misrepresentation, breach of fiduciary duties, and interference with business relations. (*See* Doc. # 1 ¶¶ 11, 74-95).

As alleged in the complaint, Plaintiff was appointed as the Liquidating Trustee of Bolta US, Ltd. ("BUSA") by the U.S. District Court for the Northern District of Alabama. (*Id.* ¶ 1).

Defendants Falk and Glawion are residents of Germany, Defendant Puri is a resident of the United Kingdom, and Defendants White Capstan and PGL are corporations organized in the United Kingdom. (*Id.* ¶¶ 2-6).

There are two contracts related to the opening and operation of the Tuscaloosa County plant – a Consultancy Agreement and an IT Agreement. (Docs. # 1-1; 1-2; 1-3). These contracts contained forum selection clauses specifying Nuremburg, Germany as an appropriate jurisdiction for disputes under the contracts, as well as choice of law clauses specifying that the contracts shall be subject to German law. (Docs. # 1-1 at 7; 1-3 at 5). Plaintiff alleges that Defendants were involved in the formation of those contracts and that the company on the other end of the contracts – Bolta Werke – failed to adequately perform under the contracts. (Doc. # 1 ¶ 43). Despite the failure to perform, Plaintiff alleges, Bolta Werke demanded payment. (*Id.*). Bolta Werke did so in 2021 in conjunction with bankruptcy proceedings in Nuremburg, Germany (*id.* ¶ 71), asserting a claim for 19,563,400.90 Euros against BUSA. (*Id.* ¶ 73).

Plaintiff, as trustee of BUSA, has asserted the following claims: Fraud against all Defendants (Count One); Negligent Misrepresentation against all Defendants (Count Two); Breach of Fiduciary Duties against Falk, Glawion, and Puri (Count Three); and Interference with Business Relations against all Defendants (Count Four). (*See id.* ¶¶ 74-95).

PGL has filed a motion to dismiss all of Plaintiff's claims against it under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (*See* Docs. # 14, 15). Defendants Falk, Glawion, and Puri have filed motions to dismiss all of Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(3) and the doctrine of *forum non conveniens*. In addition, those Defendants have presented other arguments. (*See* Docs. # 26, 27). PGL has since filed the instant Motion to Stay Discovery (Doc. # 32), seeking a stay of discovery and Rule 26(f) obligations until the court

resolves its pending Motion. (Doc. # 14).

## II.    Legal Standard

"[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances." *Advanced Bodycare Sols., LLC v. Thione Int'l., Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). This broad discretionary authority can include staying deadlines while a motion to dismiss is pending if the motion to dismiss "could [] resolve[] the issues before the district court and obviate[] the defendants' need to comply with other deadlines." *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 945 (11th Cir. 2017) (citing *J.D. Pharm. Distribs., Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1209 (11th Cir. 1990)).

## III.   Analysis

PGL has moved to "stay discovery by and directed toward PGL, and all Rule 26(f) and other discovery obligations of PGL." (Doc. # 32 at 1). PGL notes that Defendants Falk, Glawion, and Puri do not oppose this motion. (*Id.*). Plaintiff filed a response to the motion, stating that he "has only a limited objection to the relief requested in the Motion to the extent the Court requires additional evidence regarding personal jurisdiction given the pending motions to dismiss, or to the extent it becomes apparent that discovery is necessary to preserve facts at issue in this case." (Doc. # 34 at 1). Considering Plaintiff's limited objection, the court will grant PGL's motion subject to any court order regarding the need for additional evidence.

However, in the interest of avoiding wasted resources, the court will also stay discovery regarding all other parties in this case. Defendants PGL, Falk, Glawion, and Puri have moved to dismiss Plaintiff's complaint in its entirety. (Docs. # 14, 26, 27). PGL asserts that the complaint is due to be dismissed for lack of personal jurisdiction (Doc. # 14) and Falk, Glawion, and Puri assert that the complaint is due to be dismissed under the *forum non conveniens* doctrine. (Docs. # 26,

27). Although Capstan has yet to file any motions, all three pending motions (Docs. # 14, 26, 27) "could [] resolve[] the issues before the district court and obviate[] the defendants' need to comply with other deadlines," *Hunt*, 684 F. App'x at 945 (citing *J.D. Pharm. Distribs., Inc.*, 893 F.2d at 1209). Therefore, the court will exercise its "inherent, discretionary authority" to stay discovery in this case as applied to all parties. *Advanced Bodycare Sols., LLC*, 524 F.3d at 1241.

## IV. Conclusion

For the foregoing reasons, PGL's Motion to Stay Discovery (Doc. # 32) is **GRANTED**. Discovery and all Rule 26(f) obligations of PGL are **STAYED** pending the court's resolution of the three motions to dismiss. (Docs. # 14, 26, 27). In addition, discovery and all Rule 26(f) obligations of all other parties are **STAYED** pending the court's resolution of the three motions. (Docs. # 14, 26, 27). This stay is subject to any further court orders regarding additional discovery related to personal jurisdiction or other matters raised in the pending motions.

**DONE** and **ORDERED** this May 6, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE