UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **GENE KOHUT,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | }   Case No.:  7:24-cv-00773-RDP |
| | } |
| **CHRISTIAN FALK et al.,** | } |
| | } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff's Motion to Alter or Amend the Court's Memorandum Opinion and Order. (Doc. # 44). The Motion has been fully briefed. (Docs. # 44, 45, 46). For the reasons discussed below, the Motion (Doc. # 44) is due to be denied.

**I.    Background**

Plaintiff, the liquidating trustee of an American auto parts manufacturer, brought suit alleging that a German auto parts manufacturer lied about its intention or ability to perform on two contracts with the American manufacturer. (Doc. # 1). Both manufacturers are bankrupt, so Plaintiff sued Defendants, a collection of individuals and entities[1] he alleged were liable to the American manufacturer.[2] Plaintiff brought counts of fraud (against all Defendants), negligent misrepresentation (against all Defendants), breach of fiduciary duties (against Defendants Falk, Glawion, and Puri), and interference with business relations (against all Defendants). (Doc. # 1 at

---

[1] Plaintiff sued Norbert Glawion, Christian Falk, Anil Puri, who he alleges were officers or directors of the German and American manufacturers. Plaintiff also sued White Capstan and Purico Group Limited, alleging that they were a holding company and parent company respectively for the American and German manufacturers.

[2] As noted in the court's Memorandum Opinion and Order (Doc. # 42), Defendant White Capstan has been served (Doc. # 8) but has not appeared in this case. Plaintiff did not move for default judgment, and no party moved to set aside service on Capstan.

¶¶ 74-95). Defendants Falk, Glawion, Puri, and Purico Group Limited ("PGL") filed Motions to Dismiss (Docs. # 14, 26, 27), arguing that the doctrine of *forum non conveniens* warranted dismissal due to forum selection clauses in the contracts at issue designating Nuremberg, Germany as the proper forum for disputes.[3]

On July 18, 2025, the court entered a Memorandum Opinion and Order granting Defendants Glawion, Falk, and Puri's Motions to Dismiss and granting in part Defendant PGL's Motion to Dismiss. (Docs. # 42, 43). The court concluded that the forum selection clauses contained in the agreements at issue were valid and mandatory and that the doctrine of *forum non conveniens* required the court to dismiss the case so it could be re-filed in Nuremberg, Germany. (Docs. # 42 at 13; 43). The claims were dismissed without prejudice. (Doc. # 43).

On August 13, 2025, Plaintiff filed a Motion to Amend/Correct Memorandum Opinion. (Doc. # 44). Plaintiff presents two main arguments: 1) that the court misapplied Eleventh Circuit precedent in finding that the forum selection clauses were mandatory; and 2) that the balance of *forum non conveniens* does not favor dismissal. (Doc. # 44 at 4-12).

## II.   Discussion

Rule 59(e) allows a party to move to alter or amend a judgment in a civil case. Fed. R. Civ. P. 59(e); *Serrano v. United States*, 411 F. App'x. 253, 254 (11th Cir. 2011). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), *cert.*

---

[3] Defendant PGL moved to dismiss on alternative grounds, including lack of personal jurisdiction and failure to state a claim.

*denied*, 552 U.S. 1040 (internal citations and quotations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "Manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Hardie-Tynes Co. v. SKF USA, Inc.*, 2022 WL 1082395, at *1 (N.D. Ala. Feb. 1, 2022) (quoting *Barcliff, LLC v. M/V Deep Blue, IMO No. 9215359*, 2016 WL 10894490, at *9 (S.D. Ala. Dec. 20, 2016)). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly" to foster "the interests of finality and conservation of scarce judicial resources." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).

Because Plaintiff's Motion centers around a prior ruling, the court briefly summarizes the applicable caselaw and the inquiry relevant to its decision.

First, applying the Eleventh Circuit's decision in *Usme v. CMI Leisure Mgmt., Inc.*, the court determined that the forum selection clause could be enforced against Plaintiff by all Defendants. 106 F.4th 1079 (11th Cir. 2024). Specifically, the court held that it was irreconcilable for Plaintiff to simultaneously attempt to enforce the contracts against Defendants but avoid the form-selection clauses those contracts impose. (Doc. # 42 at 10).

Second, the court determined that the language of the forum selection clause was sufficiently broad to cover the claims at issue in the case. This is because the claims, though sounding in tort and not contract, are inexplicably bound with the contracts at issue. Specifically, all of Plaintiff's claims involve alleged torts committed while entering into the Consultancy (Doc. # 1-1) and IT (Doc. # 1-3) Agreements. (Doc. # 42 at 10-11).

Finally, the court found that the forum selection clauses are mandatory. They use the word "shall," a strong indicator that a clause is mandatory under Eleventh Circuit case law. (Doc. # 42

3

at 12); *see also Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (per curiam); *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269 (11th Cir. 2004). In addition, the court further concluded that there was nothing in the forum selection clauses to indicate that they were intended to be permissive. (Doc. # 42 at 12). As such, the court concluded it would be appropriate to deviate from the plain meaning of "shall" as that term is used in the forum selection clauses. The court determined that the appropriate way to enforce the forum selection clause was through the doctrine of *forum non conveniens*. *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 60 (2013). Applying the *Piper Aircraft* factors, the court ruled that dismissal was appropriate so the case could be re-filed in Nuremberg, Germany. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981).

Plaintiff asks the court to alter or amend its previous order. In his view, "the [c]ourt misapplied Eleventh Circuit authority in its [o]pinion." (Doc. # 44 at 3). Specifically, Plaintiff argues that the court erred in finding that the forum selection clauses were mandatory and not permissive and contends that the factors considered in a *forum non conveniens* analysis favor the Northern District of Alabama. (Doc. # 44 at 4-12). As Defendants point out, these issues are not new; rather, they have been extensively briefed in the Motion to Dismiss stage and were appropriately considered in the court's Memorandum Opinion. (Docs. # 26, 27, 30, 31, 35, 36, 42). Plaintiff now asks the court to revisit its decision because it does not agree with the court's interpretation and application of Eleventh Circuit case law regarding forum selection clauses. But, that simply is not an appropriate use of a Rule 59 Motion. A party may not re-litigate issues that have already been argued and decided. *See Arthur*, 500 F.3d at 1343.

In Plaintiff's motion, he points to no error that is "plain and indisputable" and "amounts to a complete disregard of the controlling law or the credible evidence in the record." *Hardie-Tynes*

*Co.*, 2022 WL 1082395, at *1. At best, Plaintiff points to case law that makes it *arguable* that use of the word "shall" is not *necessarily* mandatory in all circumstances. *First State Bank of Nw. Arkansas v. Georgia 4-S Invs. LLP*, 418 F. App'x 838, 839 (11th Cir. 2011) (affirming the district court's reading of the forum selection clause without further analysis).[4]

Nowhere in his motion does Plaintiff point to a clear error of law or manifest injustice that warrants the extraordinary remedy of altering or amending a prior order. Nor does Plaintiff's motion bring forth any *new* arguments that weren't already asserted. Plaintiff disagrees with the court's interpretation of the law and the decision it reached in conducting the *forum non conveniens* analysis. The proper mechanism to address these disagreements is an appeal to the Eleventh Circuit – not a Rule 59 Motion. *Mincey v. Head*, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000) (citing *In re Halko*, 203 B.R. 668, 671-72 (Bankr. N.D. Ill. 1996)) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment").

**III.   Conclusion**

For the reasons stated above, Plaintiff's Motion to Alter or Amend (Doc. # 44) is **DENIED.**

**DONE** and **ORDERED** this October 6, 2025.

*[signature]*
R. DAVID PROCTOR
CHIEF U.S. DISTRICT JUDGE

---

[4] It is worth noting that Plaintiff also fails to show how his preferred reading of Eleventh Circuit case law dictates a different result. The court considered several factors in addition to the use of the word "shall" in determining that the forum selection clauses were mandatory. Such factors included the broad language covering "*all* disputes," as well as the lack of any evidence indicating that the parties to the agreements intended for the forum selection clauses to be permissive. (Doc. # 42 at 12). Plaintiff again fails to make such a showing in the instant motion.